UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LINDA D.,[1]

        Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

23-CV-942-LJV
DECISION & ORDER

---

On September 8, 2023, the plaintiff, Linda D. ("Linda"), brought this action under

the Social Security Act ("the Act").  Docket Item 1.  She seeks review of the

determination by the Commissioner of Social Security ("Commissioner") that she was

not disabled.[2]  *Id.*  On December 12, 2023, Linda moved for judgment on the pleadings,

Docket Item 6; on January 26, 2024, the Commissioner responded and cross-moved for

judgment on the pleadings, Docket Item 10; and on February 9, 2024, Linda replied,

Docket Item 11.

---

[1] To protect the privacy interests of Social Security litigants while maintaining
public access to judicial records, this Court will identify any non-government party in
cases filed under 42 U.S.C. § 405(g) only by first name and last initial.  Standing Order,
Identification of Non-Government Parties in Social Security Opinions (W.D.N.Y. Nov.
18, 2020).

[2] Linda applied for Disability Insurance Benefits ("DIB").  One category of persons
eligible for DIB includes any adult with a disability who, based on her quarters of
qualifying work, meets the Act's insured-status requirements.  *See* 42 U.S.C. § 423(c);
*Arnone v. Bowen*, 882 F.2d 34, 37–38 (2d Cir. 1989).

For the reasons that follow, this Court grants Linda's motion in part and denies the Commissioner's cross motion.[3]

## **STANDARD OF REVIEW**

"The scope of review of a disability determination . . . involves two levels of inquiry." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987).  The court "must first decide whether [the Commissioner] applied the correct legal principles in making the determination." *Id*.  This includes ensuring "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the Social Security Act." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citation modified) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)).  Then, the court "decide[s] whether the determination is supported by 'substantial evidence.'" *Johnson*, 817 F.2d at 985 (quoting 42 U.S.C. § 405(g)).

"Substantial evidence" means "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  "The substantial evidence standard means once an ALJ finds facts, [the court] can reject those facts only if a reasonable fact finder would *have to conclude otherwise*." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (citation modified) (emphasis in original); *see McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is susceptible to more than one rational

---

[3] This Court assumes familiarity with the underlying facts, the procedural history, and the decision of the Administrative Law Judge ("ALJ") and refers only to the facts necessary to explain its decision.

interpretation, the Commissioner's conclusion must be upheld."). But "[w]here there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." *Johnson*, 817 F.2d at 986.

## DISCUSSION

### I.    THE ALJ'S DECISION

On June 7, 2023, the ALJ found that Linda had not been under a disability from May 1, 2014, her alleged onset date, through June 30, 2020, her date last insured. *See* Docket Item 5 at 790–91. The ALJ's decision was based on the five-step sequential evaluation process under 20 C.F.R. §§ 404.1520(a) and 416.920(a). *See id.* at 776–78.

At step one, the ALJ found that Linda did not engage in substantial gainful activity from her alleged onset date through her date last insured. *Id.* at 778. At step two, the ALJ found that Linda suffered from four severe, medically determinable impairments: "degenerative disk disease of the lumbar spine; anxiety; depression[;] and bipolar disorder." *Id.*

At step three, the ALJ found that Linda's severe, medically determinable impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See id.* at 780. More specifically, the ALJ found that Linda's physical impairments did not meet or medically equal listing 1.15 (disorders of the skeletal spine resulting in compromise of a nerve root). *Id.* Likewise, the ALJ found that Linda's mental impairments did not meet or medically equal listing 12.04

3

(depressive, bipolar, or related disorders) or 12.06 (anxiety and obsessive-compulsive disorders). *Id.* at 781. In assessing Linda's mental impairments, the ALJ found that Linda was mildly limited in understanding, remembering, or applying information; concentrating, persisting, or maintaining pace; and adapting or managing herself, and moderately limited in interacting with others. *Id.* at 781–82.

The ALJ then found that Linda had the residual functional capacity ("RFC")[4] to "perform a reduced range of light work as defined in 20 C[.]F[.]R[. §] 404.1567(b)." More specifically, the ALJ found that:

> [Linda] can lift, carry, push[,] and pull 20 [lbs.] occasionally and 10 [lbs.] frequently, and sit, stand[,] and walk up to 6 hours in an 8-hour day. She is further limited, however, to no more than frequent climbing of ramps or stairs, and no more than frequent balancing and stooping. She is limited to no more than occasional kneeling or crouching. She is limited to no climbing of ladders, ropes[,] or scaffolds, and no crawling. She is limited to no more than occasional interaction with the public, co-workers[,] and supervisors.

*Id.* at 782–83.

At step four, the ALJ found that Linda could perform past relevant work as a clerical worker. *Id.* at 789–90; *see Dictionary of Occupational Titles* 237.367-038, 1991 WL 672192 (Jan. 1, 2016). The ALJ therefore found that Linda had not been under a disability from May 1, 2014, through June 30, 2020. *See* Docket Item 5 at 790.

---

[4] A claimant's RFC is the most "an individual can still do despite his or her limitations . . . in an ordinary work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *2 (July 2, 1996). "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." *Id.*; *see Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999).

## II.    ALLEGATIONS

Linda argues that the ALJ erred in two ways.  *See* Docket Item 6-1 at 14–22.
First, Linda argues that the ALJ failed to reconcile the RFC with moderate limitations in
the opinion of David Schaich, Psy.D.—an opinion to which the ALJ assigned "great
weight." *Id.* at 14–19.  Second, Linda argues that the ALJ improperly factored Linda's
noncompliance with mental health treatment into the RFC assessment.  *Id.* at 20–22.
This Court agrees that the ALJ erred and, because that error was to Linda's prejudice,
remands the matter to the Commissioner.

## III.    ANALYSIS

An ALJ must "weigh all of the evidence available to make an RFC finding that [is]
consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir.
2013); *accord Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022).  But that does not mean
that an RFC must "perfectly correspond with any of the opinions of medical sources
cited in [an ALJ's] decision," *Matta*, 508 F. App'x at 56, or even be based on opinion
evidence, *see Rubin v. Martin O'Malley, Comm'r of Soc. Sec.*, 116 F.4th 145, 155 (2d
Cir. 2024).  So long as an ALJ considers all the medical evidence and appropriately
analyzes any medical opinions, an RFC consistent with the record is not error.  *See* 20
C.F.R. § 416.945; *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (holding that
remand is not necessary "[w]here an ALJ's analysis at Step Four regarding a claimant's
functional limitations and restrictions affords an adequate basis for meaningful judicial
review, applies the proper legal standards, and is supported by substantial evidence").

On August 22, 2019, Dr. Schaich completed a psychiatric evaluation of Linda,
*see* Docket Item 5 at 425–28, and opined that Linda had no limitations in several areas

of mental functioning, *id.* at 427. But Dr. Schaich opined that Linda was moderately limited in two areas: (1) interacting with others and (2) regulating emotion, controlling behavior, and maintaining well-being. *Id.*

The ALJ assigned Dr. Schaich's opinion "great weight," noting the opinion's "overall consistency with the record as a whole." *Id.* at 787. And the ALJ accounted for the first moderate limitation in Dr. Schaich's opinion by restricting Linda to only "occasional interaction with the public, co-workers[,] and supervisors." *Id.* at 783. But the ALJ failed to account for the other moderate limitation in Dr. Schaich's opinion—that is, the limitation in regulating emotion, controlling behavior, and maintaining well-being. *See id.*

While the ALJ explicitly acknowledged that limitation in his decision, he did not incorporate it into the RFC. *See id.* at 782–83, 787. And the ALJ said nothing about why he omitted it, so the Court has no way of knowing whether the ALJ missed it, simply decided to ignore it, or disagreed with it for legitimate reasons. And that error requires remand. *See Labonte v. Berryhill*, 2017 WL 1546477, at *4 (W.D.N.Y. May 1, 2017) (remanding where ALJ gave "significant weight" to opinion of claimant's chiropractor but "reject[ed]—without any explanation whatsoever—[the chiropractor's] opinion that [claimant] would frequently be off task").

Of course, "[a]n ALJ does not have to state on the record every reason justifying a decision." *Valdes-Ocasio v. Kijakazi*, 2023 WL 3573761, at *1 (2d Cir. May 22, 2023) (citation modified) (quoting *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012)). But an ALJ "must provide an 'accurate and logical bridge' between the evidence and the conclusion that the claimant is not disabled so that . . . 'a reviewing

6

court . . . may assess the validity of the agency's ultimate findings and afford [the] claimant meaningful judicial review.'" *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008) (quoting *Young v. Barnhart*, 362 F.3d 995, 1002 (7th Cir. 2004)).  And when an ALJ finds a provider's opinion to be persuasive—better yet, when an ALJ assigns a provider's opinion "great weight," *see* Docket Item 5 at 787—he must either include that opinion's limitations in the RFC or explain why he did not do so, *see Kimberly J. v. Comm'r of Soc. Sec.*, 725 F. Supp. 3d 305, 309 (W.D.N.Y. 2024) ("When an ALJ adopts only part of a medical opinion, he must explain why the other parts were rejected."); *Cynthia A. v. Comm'r of Soc. Sec.*, 2023 WL 6229600, at *4 (W.D.N.Y. Sep. 26, 2023) ("[T]he ALJ found the opinions of LMSW's Diaz and Campbell at least partially persuasive and included in his RFC determination some of the limitations to which they opined, but he did not include in the RFC determination any limitations related to work schedule or job attendance, nor did he offer any explanation for not including such limitations.  This was error.").  The ALJ did not do that here.

The Commissioner argues that "the ALJ explained—in the context of his application of the special technique as required by 20 C.F.R. § 404.1520a, and in his RFC explanation—why he did not adopt [that part of] Dr. Schaich's opinion."  Docket Item 10-1 at 17.  And it is true that at step three the ALJ concluded that Linda had only mild limitations in adapting or managing herself.  *See* Docket Item 5 at 781–82.  But in reaching that conclusion, the ALJ relied on opinion evidence to which he later gave only "partial" weight (state agency psychological consultants) or "some" weight (Christine Ransom, Ph.D.).  *See id*. at 786–87.  And even more puzzling, the ALJ cited Dr. Schaich's opinion that Linda was *moderately limited* "in regulating emotions, controlling

behavior[,] and maintaining well-being" as if it supported the finding of *mild limitations*. *See id.* at 782.

Worst of all, at step four the ALJ explicitly noted Dr. Schaich's finding of moderate limitations in maintaining well-being, controlling behavior, and regulating emotions when he gave that opinion "great weight" because it was "overall consisten[t] with the record as a whole." *Id.* at 787. Certainly, that is inconsistent with the Commissioner's argument that the ALJ explained why he "did not adopt [that part of] Dr. Schaich's opinion." Docket Item 10-1 at 17. If anything, it suggests that the ALJ simply forgot to include that limitation in the RFC.

What is more, the ALJ's error was not harmless. While the vocational expert who testified at the hearing proposed several jobs consistent with the limitations in the RFC, *see* Docket Item 5 at 723, it is not clear from the record that additional limitations in maintaining well-being, controlling behavior, and regulation emotions would not alter the vocational expert's analysis. *See Cosnyka v. Colvin*, 576 F. App'x 43, 46 (2d Cir. 2014) (summary order) ("[T]he vocational expert's opinion on whether there were jobs [the claimant] could perform varied depending on how the [RFC] was defined."). The regulations describe limitations in maintaining well-being, controlling behavior, and regulation emotions as implicating a claimant's ability to respond to demands, adapt to changes, distinguish between acceptable and unacceptable work performance, and make independent decisions. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(E)(4). So a more restrictive RFC based on Dr. Schaich's opinion—for example, limiting Linda to work with infrequent changes or to no independent decision-making—may well have made a significant difference.

8

Finally, the ALJ's error is all the more troubling given his consideration of Linda's noncompliance. For example, the ALJ referred to Linda's missed appointments, her discharge from treatment due to noncompliance, and her not taking her prescribed medication as perhaps indicating that Linda's "symptoms [we]re not as severe as purported." Docket Item 5 at 784. But those who suffer from mental health issues such as bipolar disorder may fail to comply with instructions not because they are feeling well or out of obstinance but precisely because of their mental health issues. *See Jimmeson v. Berryhill*, 243 F. Supp. 3d 384, 391 (W.D.N.Y. 2017) ("[T]he ALJ repeatedly drew negative inferences from [the] plaintiff's struggles with treatment compliance[] but did not distinctly consider whether such difficulties could be a manifestation of [the] plaintiff's bipolar or impulse control disorders." (citation modified)); *Johnson v. Colvin*, 2016 WL 624921, at *2, n.1 (W.D.N.Y. Feb. 17, 2016) ("Rather than indicating a lack of serious mental impairment, [the] plaintiff's noncompliance was very possibly a further indicator that her mental health impairments interfered with her functioning."). And the ALJ's failure to consider that here only compounds his error.[5]

In sum, the ALJ erred in omitting from the RFC the moderate limitations about which Dr. Schaich opined without explaining why he did so. *See Kimberly J.*, 725 F. Supp. 3d at 309. And because that error was not harmless, remand is required. *See Cosnyka*, 576 F. App'x at 46 ("Because . . . this formulation was crucial to the vocational

---

[5] Linda argues that the ALJ's improper consideration of her noncompliance alone warrants remand. *See* Docket Item 6-1 at 20–22. And that may well be the case. But the ALJ erred in considering Dr. Schaich's opinion, and the Court "will not reach the remaining issues raised by [Linda] because they may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 197, 199 (10th Cir. 2003); *see Beers v. Comm'r of Soc. Sec.*, 449 F. Supp. 3d 96, 103–04 (W.D.N.Y. 2020).

9

expert's conclusion that there were jobs [the claimant] could perform, we cannot uphold the ALJ's decision to reject [his] claim for benefits.").[6]

## **CONCLUSION**

The Commissioner's motion for judgment on the pleadings, Docket Item 10, is DENIED, and Linda's motion for judgment on the pleadings, Docket Item 6, is GRANTED in part and DENIED in part.  The decision of the Commissioner is VACATED, and the matter is REMANDED for further administrative proceedings consistent with this decision.


        SO ORDERED.

Dated:        March 17, 2026
              Buffalo, New York


                                    */s/ Lawrence J. Vilardo*
                                    LAWRENCE J. VILARDO
                                    UNITED STATES DISTRICT JUDGE

---

[6] This marks the third remand of Linda's application—the second relating to the ALJ's treatment of Dr. Schaich's opinion.  *See* Docket Item 4 at 1312–13; Docket Item 5 at 879–80.  While Linda appears to primarily seek only remand for further administrative proceedings, *see* Docket Item 6-1 at 23, the extensive history of her claim means that, should a future remand be warranted, remand for calculation of benefits may be considered, *see Tiffany R. o/b/o A.E.R.S. v. Comm'r of Soc. Sec.*, 2021 WL 3722187, at *5 (W.D.N.Y. Aug. 23, 2021); *see also Piorkowski v. Comm'r of Soc. Sec.*, 2022 WL 17824052, at *4 (E.D.N.Y. Dec. 20, 2022) ("Courts have refused to recycle deserving claimants through the SSA bureaucracy simply because the ALJ has failed to produce a legally adequate opinion." (citation modified)).